PEOPLE *v.* KELLY.

1. CRIMINAL LAW—JURISDICTION—JUSTICES OF THE PEACE—STATUTES.

   The jurisdiction of justices of the peace to try offenders is to be determined from the statutes (Const. 1908, art. 7, § 16; 3 Comp. Laws 1929, § 17426).

2. NUISANCE—ABATEMENT—JUSTICES OF THE PEACE—TOWNSHIP—ZONING ORDINANCE—BUILDINGS.

   Under Statute authorizing certain township boards to regulate, by zoning ordinance, the size and location of buildings, provide penalties for, and abatement of, violations, and

declaring that buildings erected and used in violation of such ordinance were a nuisance *per se*, an order by a justice of the peace to abate nuisance within two weeks was authorized by statute (Act No. 302, §§ 5, 8, Pub. Acts 1937).

3. TOWNSHIPS—ZONING ORDINANCE—STATUTES.
Township zoning ordinance relative to erection and use of buildings for violation of which prosecution of defendant was sought *held*, within power conferred on township by statute authorizing such ordinances in townships adjacent to cities having population of 40,000 or more (Act No. 302, § 5, Pub. Acts 1937).

4. CRIMINAL LAW—JURISDICTION OF JUSTICES OF THE PEACE—VIOLATIONS OF TOWNSHIP ZONING ORDINANCE.
Power conferred upon a justice of the peace ''to hear and determine charges for all offenses arising within his county authorized him to punish offenses under duly-enacted township zoning ordinance regulating size and location of buildings (Const. 1908, art. 7, § 16; 3 Comp. Laws 1929, § 17426; Act No. 302, §§ 5, 8, Pub. Acts 1937).

5. SAME—AMENDMENT OF COMPLAINT AND WARRANT—INADEQUACY.
Order quashing warrant and complaint for inadequacy in charging offense in that it was ambiguous and that the ordinance under which prosecution was sought was not pleaded *held*, error in view of statutes authorizing amendment to cure defects in indictments, informations, presentments, complaints, warrants and other formal written accusations (3 Comp. Laws 1929, §§ 17118, 17289).

Appeal from Wayne; Nicol (Henry G.), J. Submitted October 17, 1940. (Docket No. 122, Calendar No. 41,058.) Decided December 10, 1940.

J. Edward Kelly was convicted in justice court of violating a township zoning ordinance. On appeal to circuit court, complaint was dismissed. People appeal. Reversed, and trial ordered.

*Roy E. Apt*, for defendant.

*Schulte & Pare*, for the people.

BUTZEL, J. We granted the people leave to appeal from an order of the circuit court dismissing a justice court complaint and warrant. The questions presented are, (1) whether the justice court had jurisdiction of the subject matter, and (2) whether the complaint and warrant were properly dismissed for failure adequately to apprise the accused of the charge against him.

Section 5 of Act No. 302, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 2651-15, Stat. Ann. § 5.2962[5]), empowers a township board of any organized township immediately adjacent and contiguous to the boundary of a city having a population of 40,000 or more to provide by ordinance "regulations for established districts or zones pursuant to the purposes of this act and determine the manner of enforcing such regulations." Another part of section 5 provides:

"The township board shall in any ordinance enacted under the provisions of this act, designate the proper official or officials whose duty it shall be to enforce the provisions of such ordinance *and provide penalties for the violation thereof.*"

The township of Redford, which adjoins the city of Detroit, exercised the authority thus granted by enacting such an ordinance and providing penalties for its enforcement. No question has been raised as to the regularity or legality of the ordinance.

Complaint was made in a Redford township justice court against defendant, J. Edward Kelly, charging that he had violated the ordinance in erecting and using a building in Redford township that did not conform in area and cubical content to the requirements of the township ordinance, and that it was a detriment to the public health, safety, comfort, and general welfare of the district. The case was brought to trial and the justice of the peace

ordered the nuisance abated within two weeks, imposed a fine of $25 and $15 costs; the fine was suspended. On appeal to the circuit court, the charge was dismissed without trial on the merits, on the grounds that the justice of the peace could not enforce the township ordinances and that the warrant and complaint were ambiguous and failed to charge a *corpus delicti.*

The Constitution of 1908, art. 7, § 16, provides:

"In civil cases, justices of the peace shall have exclusive jurisdiction to the amount of one hundred dollars and concurrent jurisdiction to the amount of three hundred dollars, which may be increased to five hundred dollars, with such exceptions and restrictions as may be provided by law. *They shall also have such criminal jurisdiction and perform such duties as shall be prescribed by law.*"

We look to the statutes for the jurisdiction of the justices of the peace to try offenders. *In the Matter of Sarah Way,* 41 Mich. 299; *Allor* v. *Wayne County Auditors,* 43 Mich. 76. 3 Comp. Laws 1929, § 17426 (Stat. Ann. § 28.1192), provides:

"Any justice of the peace shall have power to hold a court subject to the provisions hereinafter contained, to hear and determine charges for all offenses arising within his county punishable by fine not exceeding one hundred dollars, or punishable by imprisonment in the county jail not exceeding three months, or punishable by both said fine and imprisonment; and any justice of the peace is empowered and authorized to perform all official acts and duties and to exercise jurisdiction in criminal causes in any township or city situate in the county within which the justice of the peace was elected and qualified, with the same rights and powers as though performed and exercised within the city or township in which such justice of the peace was elected and qualified."

Act No. 302, § 8, Pub. Acts 1937 (Stat. Ann. § 5.2962 [8]), declares that buildings violating any provision of township ordinances or regulations made under the authority of that act are nuisances "*per se,*" and further provides:

"The court shall order such nuisance abated and the owner and/or agent in charge of such building or land shall be adjudged guilty of maintaining a nuisance *per se.*"

This section authorized the abatement order. The question as to the procedure for enforcing the order of abatement is not before us now. We think the ordinance enacted was within the power conferred on the township by statute, and that the power conferred on justices of the peace "to hear and determine charges for all offenses arising within his county" (3 Comp. Laws 1929, § 17426) authorized him to punish offenses under the ordinance.

We think the circuit judge also erred in quashing the warrant and complaint for inadequacy in charging the offense in that it was ambiguous and that the ordinance was not pleaded. 3 Comp. Laws 1929, § 17289 (Stat. Ann. § 28.1015), states the rule to be followed:

"No indictment shall be quashed, set aside or dismissed for any one or more of the following defects: * * * (Third) That any uncertainty exists therein. * * * If the court be of the opinion that the third defect exists in any indictment, it may order that the indictment be amended to cure such defect."

(3 Comp. Laws 1929, § 17118 [Stat. Ann. § 28.843], states that "The word 'Indictment' includes information, presentment, complaint, warrant and any other formal written accusation.") If the trial court were of the opinion that the accusation did not properly apprise the defendant of the nature of the

offense charged, he should have ordered that it be amended or that a bill of particulars be supplied. See *In re Stone, ante,* 207.

The order of the circuit court dismissing the charge is reversed, and the case is remanded with directions to proceed with the trial of said cause on the merits, without prejudice to the right of the people to amend the complaint and warrant, and without prejudice to the right of defendant to move for a bill of particulars.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.